IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARJIT BHAMBRA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN M. TRUE, et al.,<br><br>    Defendants.<br>_____ / | No. C 09-4986 CRB<br><br>**ORDER REMANDING CASE** |

     This action, one of various actions initiated by Plaintiff in both federal and state courts, was purportedly "removed" to this Court on October 20, 2009. However, removal was clearly improper. First, a Notice of Removal must be filed within thirty days of the Defendant's receipt of the complaint. This complaint, however, was apparently filed on February 1, 2009, and removed on October 20, 2009. This is clearly untimely. Second, federal law provides that only Defendants may remove an action to federal court. See 28 U.S.C. § 1446. As evidenced by the state complaint attached to the notice of removal, Harjit Bhambra was the Plaintiff in the state case. Hence, he is not entitled to remove it to federal court. This conclusion is inescapable notwithstanding the fact that Plaintiff has hand edited the caption of the state complaint to replace the named defendants with his own name. One cannot become a defendant in such a manner. The substance of the complaint clearly reflects

the fact that Mr. Bhambra was the plaintiff in the state action.  Third, there is no basis for federal subject matter jurisdiction.  There is no diversity among the parties, and the complaint dose not raise a federal issue.

Typically the proper course of action where a case has been improperly removed is to remand the action to state court.  Defendants, however, inform this Court that the state action from which this "removal" arose has already been voluntarily dismissed by Plaintiff.  Hence, they argue, this case cannot be remanded, because there is no pending case in the first place.  Be that as it may, the one thing that is clear to this Court is the complete lack of federal subject matter jurisdiction.  Therefore, because this case comes to this Court through a notice of removal, the case is ordered to be REMANDED to state court.  If Defendants are correct that there is no ongoing action, this Court fails to see how this order will prejudice them in any way.

**IT IS SO ORDERED.**

Dated: April 6, 2010

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2009\4986\order remanding.wpd                2